**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CRIMINAL NO. 01-40058-GPM |
| | ) |
| KENDAL R. MAYS | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Before the Court are Defendant Kendal R. Mays's motion requesting relief (Doc. 178) and the Government's motion to amend/correct a clerical error pursuant to Rule 36 (Doc. 181). For the reasons given below, Mr. Mays's motion is DENIED and the Government's motion is GRANTED. The Court, pursuant to Federal Rule of Criminal Procedure 36, AMENDS the Judgment in this case to definitively include the forfeiture order, incorporating and finalizing the Preliminary Forfeiture Order (Doc. 111).

In his motion requesting relief, Mr. Mays correctly points out that the order of forfeiture is not included in the seven-page "JUDGMENT and Commitment" issued November 10, 2003 (Doc. 114). Mr. Mays cites to Federal Rule of Criminal Procedure 32.2(b), which requires the Court to include the forfeiture in the Judgement. Because the forfeiture is not mentioned in Document 114, Mr. Mays argues that all forfeiture orders are now void, the Government cannot legally seize property identified in the Preliminary Forfeiture Order, and the Government must return all property seized pursuant to that forfeiture order.

Federal Rule of Criminal Procedure 32.2(b)(4)(A) states that "[a]t sentencing…the preliminary forfeiture order becomes final as to the defendant" and Rule 32.2(b)(4)(B) directs that the Court "must include the forfeiture when orally announcing the sentence or must otherwise ensure that the defendant knows of the forfeiture at sentencing. The court must also include the forfeiture order, directly or by reference, in the judgment, but the court's failure to do so may be corrected at any time under Rule 36." In Mr. Mays's case, the preliminary forfeiture order became final at sentencing, as per Rule 32.2(b)(4)(A). On the record at Mr. Mays's sentencing hearing, the Court had the following exchange with Mr. Mays:

> THE COURT: I also will, as we are now on the record, enter a preliminary order of forfeiture which is a part of your plea agreement with the government. Which I think you understand that, don't you, Mr. Mays?
>
> MR. MAYS: Yes, sir.

(Doc. 128). The Court did therefore "ensure that the defendant [knew] of the forfeiture at sentencing" as required by Rule 32.2(b)(4)(B). The Preliminary Order for Forfeiture (Doc. 111) states that "[p]ursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, this Preliminary Order of Forfeiture is hereby decreed to be final with respect to the defendant Kendal R. Mays and is hereby made a part of his sentence and shall be included in the Judgment entered against him in this case." As the Court reaffirmed with Mr. Mays at sentencing, Mr. Mays agreed to the forfeiture order in his plea agreement with the Government (Doc. 89).

The record reflects the Court's intention to include the forfeiture order in the Judgment, and its omission was an oversight that the Court now corrects pursuant to Rule 36. Federal Rule 32.2(b)(4)(B) explicitly permits the Court jurisdiction to correct this omission under Rule 36. The Seventh Circuit has also "affirmatively rule[ed] that the failure to include forfeiture in a judgment,

that everyone intended to be included, constitutes a clerical error, correctable under Rule 36." *United States v. Quintero,* 572 F.3d 351, 353 (7th Cir. 2009). The Court therefore CORRECTS the Judgment to included the forfeiture order against Mr. Mays pursuant to Federal Rule of Criminal Procedure 36. The Government's motion to amend is GRANTED and Mr. Mays's motion requesting relief is DENIED.

**IT IS SO ORDERED.**

DATED: 7/6/2011

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge